## COLE vs. SAVAGE and others.

A bill filed to set aside a contract on account of usury must distinctly state the usury and corrupt agreement, and the terms of the usurious contract, and the amount of usurious interest, or proofs of usury will not be admitted.

A bill stating that a mortgage was executed for $2,700, and that but $1,700 was advanced by the mortgagee thereon, if it does not state also that there was a corrupt agreement, either upon the execution of the papers or the advance of the money, does not state a sufficient case to admit proof of usury, even though the bill afterwards denominates the transaction as a corrupt and usurious agreement.

An averment of facts in a bill upon information and belief, if the bill afterwards avers that such information is derived from the defendant, or the testator of the defendant's, is a sufficient averment of knowledge to sustain an injunction.

Though a bill cannot be sustained as a bill to set aside a mortgage on the ground of usury, yet where it is alleged that the money advanced was much less than the amount of the mortgage, and proceedings were had under the power of sale, claiming the whole amount of money specified in the mortgage, the bill may be retained to a adjust the amount actually due upon the mortgage.

Dec. 1840.

Cole
v.
Savage and
others.

*M. F. Delano*, for complainant.

*S. Mathews*, for defendants.

THE VICE CHANCELLOR. This is a motion to dissolve the injunction issued in this cause, upon matter contained in the bill alone. From the frame of the bill it was evidently contemplated by the pleader, as his first or principal object, to procure the mortgage mentioned therein to be set aside as usurious and void. Any pleading which sets up usury either as a ground of defence or a substantive cause of action, should set it up in clear and distinct terms. It is reasonable that strictness should be required in this, inasmuch as the effect of such pleading, if sustained, is to set aside the entire contract, and to deprive the party lending the money of even the money lent. The consequences are in a certain sense penal, the penal effects following the provisions of the statute. It is reasonable, therefore, that the party so pleading should be required to show clearly and distinctly how, and in what way, and by what contrivance, and by how much, the statute has been violated, that the other party may be fully apprised of what he is called upon to meet.

In Vroom vs. Ditmas, 4 Paige, 533, the Chancellor says that the defence of usury must be distinctly set up in the plea or answer; and the terms of the usurious contract and the *quantum* of the usurious interest or premium must be specified and distinctly and correctly set out. The corrupt agreement must also be stated. The Chancellor is here speaking of a defence; but I can see no good reason either in principle or common sense, why the same governing

principles will not apply to any pleading which relies upon usury as its substance.

The bill in this case does not seem to me to fulfil the requirements of those salutary rules. Indeed, the facts set up in the bill in this cause, may all be true, and yet there be no usury in the transaction. It is true the bill states that a mortgage for $2,700 was executed, and that but $1,700 was advanced upon it; but it does not state that there was any corrupt agreement upon the execution of the papers, or upon the advance of the money. It avers that Chittenden (by whom the usury is supposed to have been committed) told the mortgagor that he could not loan, or advance, or give the mortgagor upon the said mortgage but seventeen hundred dollars. Now such loan or advance upon the mortgage may be perfectly valid, provided the said mortgage was to be held as security merely for the sum advanced. This idea is *not distinctly repudiated in any averment in the bill,* except that the bill afterwards denominates it a corrupt and usurious agreement. This possibly may be a fair inference from the transaction; but from the facts stated in the bill, it is not a necessary one. The facts stated in the bill should be such and so stated, that they would necessarily constitute usury. That does not seem to me to be done in this case; and the frame of the bill is insufficient to be sustained as a bill to set aside the mortgage on the ground of usury. This conclusion renders it unnecessary for us to consider how far the statute of 1837 applies to this case; or whether, in a case like this, the complainant is bound to bring the sum actually loaned into court, as a preliminary to relief.

Another ground taken by the defendant is, that the

Dec. 1840.

Cole
v.
Savage and
others.

injunction should be dissolved because the averments in the bill are upon information and belief, which ground is taken upon the authority of Campbell vs. Morrison, 7 Paige, 160.

It is true that the facts stated in the first part of the bill, are stated to be on information and belief; but at folio 23 of the bill, the complainant discloses the fact substantially, that he derived this information from the lender of the money, which is certainly a competent source of information. There has been some criticism upon the language of this averment, but I am inclined to think it is sufficient to convey the charge substantially, that the complainant was informed by the lender of the money, of all the facts which are alleged in the bill to constitute usury. It would doubtless have been more prudent for the pleader to have procured the affidavit of the borrower of the money, who is not a party to this suit, and who of course could prove the whole transaction, or to have given some excuse why it was not procured, either by his death, absence, or unwillingness or refusal to give it. Still, I think the information stated in the bill is sufficient, and perhaps but barely sufficient, to sustain the injunction as against this objection.

But though the bill cannot be sustained as a mere bill to set aside the mortgage on account of usury, there is another ground of relief asked for in the bill, viz. that though the mortgage should not be deemed to be usurious, that no greater amount can be claimed thereon than the amount actually advanced, with interest, after deducting the payments that may have been made thereon. It appears from the bill, that the representatives of the money lender have com-

menced a foreclosure of the mortgage by advertisement, and claim in their notice that the whole amount expressed on the face of the mortgage is due, with interest. To this pleading the person claiming the premises can make no defence, either by way of set off or otherwise. If he suffers it to be sold under such notice, his right is gone, and he cannot in that form of proceeding litigate the amount due. To effect that object, it is necessary for him to come into this court; and for that object it appears to me that, under the allegations of the bill, the complainant is properly here. It is distinctly averred that but $1,700 were ever advanced upon the mortgage—that since that time various payments have been made, which should in equity reduce that amount—and there is sufficient in the bill to show that it was proper to come here to get the true amount settled. And I apprehend in this point of view, it is not necessary, as the defendants insist, that an offer should be made to pay the true amount, or that it should be brought into court. The premises are security for it, and it would be inequitable that the defendants should collect more than the amount advanced, with interest, after deducting payments. If the complainant has not made the necessary offers, so that the defendants might have avoided this litigation by accepting the amount actually due, that circumstance may have an effect upon the costs. But under these circumstances, and upon the last point, I think the injunction should be retained. The motion to dissolve is therefore denied. Costs to abide event.

I have not taken notice of the irregularity urged by the defendants, in the allowing the injunction for want of a bond, under the 31st rule, simply because there

Dec. 1840.

is no evidence before me that there was any such irregularity.